UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

BRIAN MARCHIONY,                                    :
      Plaintiff,                                  :
                                                  :
v.                                                  :
                                                  :
WATERWORKS OPERATING CO., LLC,                      :                                    :
      Defendant.                                  :

## PARTIES

1. Plaintiff, Brian Marchiony ("Plaintiff"), is a resident of the state of Connecticut residing at 95 Devonwood Lane, New Canaan, CT 06840.

2. Defendant, Waterworks Operating Co., LLC ("Waterworks"), is a foreign limited liability company, incorporated and operating under the laws of the state of Delaware, with a principal place of business located at 60 Backus Avenue, Danbury, CT 06810.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court as Waterworks has necessary minimum contacts with the state of Connecticut. It has a physical place of business in Connecticut and conducts business in Connecticut, therefore satisfying the requirements for personal jurisdiction articulated in *International Shoe v Washington*, 326 US 310 (1945).

4. Jurisdiction is proper in this Court because the action arises under the laws of the United States, namely the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq). Jurisdiction is proper for all other causes of action in this Complaint not arising under the laws of the United States. 28 U.S.C. § 1367 provides for supplemental jurisdiction over any claim for which the Court does not have independent subject matter jurisdiction, where the claim is related to another claim for which the court does have independent jurisdiction. In the present action, all claims are related to the claim arising under the Magnuson-Moss Warranty Act.

5. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

6.  At all times relevant hereto, Plaintiff owned a home located at 95 Devonwood Lane, New Canaan, CT 06840 (the "Property").

7.  At all relevant times, Waterworks was a product seller that was engaged in the business of distributing and/or selling faucets and other plumbing equipment.

8.  On or around February 25, 2020, Waterworks distributed and/or sold a faucet, possibly known as the Easton Classic Low Profile Three Hole Deck Mounted Lavatory Faucet, (the "Product") to and/or for the Plaintiff.

9.  The Product was installed in a second-floor bathroom at the Property.

10. Unbeknownst to the Plaintiff, the Product installed in his home was unreasonably dangerous, unsafe, and/or defective.

11. On or about July 19, 2020, the Product failed and caused an extensive water loss at the Property (the "Loss).

12. The Loss caused significant damage to, and the loss of use of the real and personal property of Plaintiff, to the financial damage, loss, and detriment of his insurer, Amica Mutual Insurance Company.

## COUNT I
## NEGLIGENCE V. WATERWORKS

13. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all of the preceding paragraphs as if expressly rewritten and set forth herein.

14. The Loss and the resulting damages were proximately caused by the negligence and breaches of duty owed by Waterworks, its agents, servants, and/or employees, including, but not limited to, the following:

    a.  Failing to properly design the Product and/or its parts;

    b.  Failing to properly manufacture the Product and/or its parts;

    c.  Failing to adequately test the Product to assess, determine, eliminate, and/or reduce the risk and/or likelihood of water leaks;

d.  Placing in the channels of trade a Product that Waterworks knew or with reasonable care, should have known, was unreasonably dangerous and/or unsafe;

e.  Marketing an inherently unsafe and/or dangerous product;

f.  Misrepresenting that the Product was safe when Waterworks knew or should have known that the product was dangerous and/or unsafe;

g.  Failing to warn consumers that the Product could cause and/or contribute to water losses and/or water damages;

h.  Failing to make appropriate recommendations concerning the use and/or maintenance of the Product;

i.  Failing to properly withdraw and/or recall the Product and/or its component parts from the marketplace;

j.  Failing to comply with applicable federal, state, and/or municipal statutes and/or regulations concerning the design, manufacture, packaging, distribution, marketing, and/or sale of the Product; and,

k.  Otherwise failing to exercise reasonable care under the circumstances that then and there existed.

WHEREFORE, Plaintiff demands judgment against Waterworks in an amount that will adequately compensate Plaintiff for his losses, together with interest, fees and costs.

## COUNT II
## BREACH OF WARRANTIES V. WATERWORKS

15. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all of the preceding paragraphs as if expressly rewritten and set forth herein.

16. Waterworks designed, manufactured, fabricated, constructed packaged, marketed, and/or sold the Product.

17. Waterworks expressly and impliedly warranted that the Product was safe, merchantable, and/or fit for its intended uses. Waterworks was a merchant with respect to goods of the kind involved in the Loss. Waterworks knew or had reason to know of the particular purpose for which the goods were required, and that the Plaintiff was

3

relying on Waterworks' skill, expertise, and/or judgment to select and/or furnish suitable goods.

18. Waterworks also knew or had reason to know that the Plaintiff and those using the Product relied on the warranties made by Waterworks.

19. Waterworks breached its warranties because the Product was unsafe, not of merchantable quality, and/or unfit for its intended uses and purposes.

20. The damage and destruction to, and the loss of use of, real and personal property of the Plaintiff, was a direct and proximate result of the breaches of warranties by Waterworks. Due notice has been given to Waterworks of its breaches of warranty.

21. As a direct and proximate result of the Loss, Plaintiff incurred costs and suffered damages.

WHEREFORE, Plaintiff demands judgment against Waterworks in an amount that will adequately compensate Plaintiff for his losses, together with interest, fees and costs.

## COUNT III
## PRODUCT LIABILITY/STRICT LIABILITY V. WATERWORKS

22. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all of the preceding paragraphs as if expressly rewritten and set forth herein.

23. Waterworks designed, created, manufactured, packaged, labeled, sold, supplied, marketed, and/or distributed the Product with inadequate warnings and/or in a defective and/or unreasonably dangerous condition violation of law, in each of the following ways:

   a.  Failing to properly design the Product and/or its parts;

   b.  Failing to properly manufacture the Product and/or its parts;

   c.  Failing to adequately test the Product to assess, determine, eliminate, and/or reduce the risk and/or likelihood of water leaks;

   d.  Placing in the channels of trade a Product that Waterworks knew or with reasonable care, should have known, was unreasonably dangerous and/or unsafe;

   e.  Marketing an inherently unsafe and/or dangerous product;

4

    f.   Misrepresenting that the Product was safe when Waterworks knew or should have known that the product was dangerous and/or unsafe;

    g.   Failing to warn consumers that the Product could cause and/or contribute to water losses and/or water damages;

    h.   Failing to make appropriate recommendations concerning the use and/or maintenance of the Product;

    i.   Failing to properly withdraw and/or recall the Product and/or its component parts from the marketplace;

    j.   Failing to comply with applicable federal, state, and/or municipal statutes and/or regulations concerning the design, manufacture, packaging, distribution, marketing, and/or sale of the Product; and,

    k.   Otherwise failing to exercise reasonable care under the circumstances that then and there existed.

24. The damage and destruction to, and the loss of use of, real and personal property of the Plaintiff, was a direct and proximate result of Waterworks' failure to adequately warn and/or by virtue of the Product's defective and/or unreasonably dangerous condition.

25. As a result of the Loss, Plaintiff has incurred costs and suffered damages.

WHEREFORE, Plaintiff demands judgment against Waterworks in an amount that will adequately compensate Plaintiff for his losses, together with interest, fees, and costs.

## COUNT IV
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

26. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all of the preceding paragraphs as if expressly rewritten and set forth herein.

27. Waterworks is an entity engaged in the business of distributing and/or selling consumer goods at a retail store in the state of Connecticut.

28. The Product is the type of product which is ordinarily purchased primarily for personal, family, or household use.

29. Plaintiff discovered within weeks after purchase and during the warranty period that the Product was unreasonably dangerous, unsafe, and/or defective, when the Loss occurred.

30. Pursuant to the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.), the sale of the Product was accompanied by Waterworks' implied warranty of merchantability.

31. The implied warranty of merchantability means and includes that the Product will comply with each of the following requirements: (1) The Product will pass without objection in the trade under the contract description; (2) the Product is fit for the ordinary purposes for which such goods are used; (3) the Product is adequately contained, packaged, and labeled; and (4) the Product will conform to the promises or affirmations of fact made on the container or label.

32. While the implied warranty was in effect, the Product failed as the result of being unreasonably dangerous, unsafe, and/or defective. The existence of the foregoing amounts to a breach of the implied warranty of merchantability because the product (1) does not pass without objection in the trade under the contract description; (2) is not fit for the ordinary purposes for which such goods are used; (3) is not adequately contained, packaged, and labeled; and (4) does not conform to the promises or affirmations of fact made on the container or label.

33. Plaintiff has been damaged by Waterworks' failure to comply with its obligations under the implied warranty of merchantability and in accordance with the Magnuson-Moss Warranty Act.

WHEREFORE, Plaintiff demands judgment against Waterworks in an amount that will adequately compensate Plaintiff for his losses, together with interest, fees, and costs.

## **DEMANDS FOR RELIEF**

WHEREFORE, Plaintiff requests that this honorable court:

1. Enter a judgment against the Defendant, Waterworks, declaring it legally and financially responsible for the damages the Plaintiff sustained or incurred;

2. Award the Plaintiff compensatory and punitive damages against the Defendant in an amount equal to the damages incurred and suffered;

3. Award the Plaintiff costs of suit, including attorneys' and expert witnesses' fees;

4. Award the Plaintiff interest, including but not limited to, pre-judgment interest; and,

5. Fashion such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully Submitted,

Plaintiff,

By his attorneys,

*/s/ John A. Donovan III*

_____

John A. Donovan III, Esq., ct29227
Sloane & Walsh, LLP
148 Eastern Boulevard, Suite 105
Glastonbury, CT 06033
Tel:     (860) 375-1877
Fax:     (860) 430-6999
Email: jdonovan@sloanewalsh.com