UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY, a/s/o Brian Marchiony, on behalf of itself and all others similarly situated, Plaintiff, | : : : : : : : | Case No. 3:22-cv-00751-SVN |
| v. | : : | |
| WATERWORKS OPERATING CO., LLC, Defendant. | : : : | |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR CLASS ACTION AND JURY TRIAL DEMAND**

Now comes the Plaintiff Amica Mutual Insurance Company, as subrogee of Brian Marchiony, ("Plaintiff") by and through its undersigned counsel, individually and on behalf of all others similarly situated, alleges:

## **NATURE OF THE ACTION**

1. This proposed class action involves the defects in Defendant's Easton Classic Low Profile Three Hole Deck Mounted Lavatory Faucets (the "Faucet"). The Faucet is a device by which a flow of liquid from a pipe can be controlled. The Faucet connects to the water line in residential bathroom sinks. The Faucets are defective and, as a result, the Faucet poses a substantial risk of failure permitting the unrestricted flow of water into the home, causing catastrophic water damage to real and personal property.

2. Defendant, Waterworks Operating Co., LLC ("Waterworks"), developed, designed manufactured, assembled, tested, marketed, promoted, sold, and/or distributed the defective Faucets to Plaintiff and the proposed Classes throughout the United States.

3. At all times material hereto, Defendant knew, or should have known, that the Faucets were defective, not safe, or even usable, for their intended purposes. As a result of Defendant's acts or omissions, Plaintiff's insured and the putative class were exposed to substantial risk of significant property damage.

1

4. Plaintiff and the Class have suffered, and will continue to suffer, injury-in-fact and lost money as a direct result of Defendant's conduct. Each Class member has either expended money to repair property damage caused by the defective Faucet, has paid for a defective Faucet when they otherwise would not have, or will be caused to expend money to replace the defective Faucets once these defects are publicly known.

5. This action seeks to both compensate those who have already suffered damages caused by the defective Faucets, and minimize any future damages by publicly disclosing the existence of the defects.

6. The central issue raised herein – whether Defendant's Faucets are defective – is common to the members of each proposed Class. There is an economy to class treatment of this central question because its resolution has the potential to eliminate the need for repeated litigation related to the Faucets' alleged defects and the reasons for its repeated failure.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court as Waterworks has necessary minimum contacts with the state of Connecticut. It has a physical place of business in Connecticut and conducts business in Connecticut, therefore satisfying the requirements for personal jurisdiction articulated in *International Shoe v Washington*, 326 US 310 (1945).

8. Jurisdiction is proper in this Court because the action arises under the laws of the United States, namely the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq). Jurisdiction is proper for all other causes of action in this Complaint not arising under the laws of the United States. 28 U.S.C. § 1367 provides for supplemental jurisdiction over any claim for which the Court does not have independent subject matter jurisdiction, where the claim is related to another claim for which the court does have independent jurisdiction. In the present action, all claims are related to the claim arising under the Magnuson-Moss Warranty Act.

9. This court has jurisdiction over this litigation pursuant to 28 U.S.C. § 1332(d), as the matter is brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, and the sum of the amount in controversy exceeds $5,000,000. The requirement of minimal diversity is met as the parties are citizens of different states.

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because at least one of the actions arises due to events which occurred in this District and some of the putative Class members may also reside, or have experienced losses in this District

## PARTIES

11. Plaintiff Amica Mutual Insurance Company is an insurance company organized under the laws of the state of Rhode Island and is authorized to conduct business in the state of Connecticut.

12. At all times relevant Plaintiff insured real and personal property located at 95 Devonwood Lane, New Canaan, CT 06840 (the "Property").

13. Plaintiff's insured Brian Marchiony ("Marchiony") is an adult citizen and resident of the State of Connecticut, who resides at the Property. In approximately 2020, Marchiony purchased from Defendant and had installed in his home an Easton Classic Low Profile Three Hole Deck Mounted Lavatory Faucet. Defendant did not warn Marchiony, and the Faucet's label did not provide any warnings regarding the possibility of spontaneous failure, and did not contain warranty information.

14. Marchiony would not have purchased the Faucet and/or had it installed and/or otherwise exposed his real and personal property to catastrophic flooding had Defendant disclosed the propensity for the Faucet to spontaneously fail.

15. In July of 2020, Marchiony moved into a newly constructed home at the Property with his family. The Faucet had been installed in a second-floor bathroom.

16. In or about July of 2020 A significant loss resulted from this water damage. The water loss was the result of the failure of the Faucet purchased from Defendant.

17. Plaintiff Amica paid its insured Marchiony pursuant to the terms of the insurance policy in place at the time of the loss.

18. Defendant Waterworks Operating Co., LLC ("Waterworks"), is a limited liability company, incorporated and operating under the laws of the state of Delaware, with a principal place of business located at 60 Backus Avenue, Danbury, CT 06810. At all relevant times, Waterworks designed, manufactured, assembled, labeled, marketed, distributed, and/or sold the defective Faucets throughout the United States. Waterworks has business locations across the United States, from coast to coast.

## GENERAL ALLEGATIONS

19. The Defendant designed, manufactured, assembled, tested, labeled, distributed, and/or sold the defective Faucets with the specific intention and purpose that these defective Faucets be installed in homes and/or commercial properties and other dwellings

throughout the United States. In so doing, Defendant represented that the Faucets were safe, of merchantable quality, and fit for their intended and reasonably foreseeable purposes.

20. However, Defendant failed to disclose that its Faucets were defective, unsafe, and posed a substantial risk of failure resulting in catastrophic water damage.

21. The Faucets are high-end plumbing fixtures which sell for thousands of dollars on Defendant's website and in Defendant's physical store locations.

22. The Faucets are defective and unsafe. The Faucets are defective, in part, because they are subject to a process known as de-zincification. De-zincification is the result of a design and/or manufacturing defect which results in an improper and unsafe percentage of zinc in the copper-zinc alloy that made up the Faucets and component parts. This defect causes the Faucets to fail after exceptionally minimal usage, often resulting in catastrophic water damages to high-end and luxury residential homes.

23. As the designer, manufacturer, labeler, distributor, and/or seller of the defective Faucets, Waterworks is strictly liable for the damages caused by the Faucets that suffered from a manufacturing defect, posing an unreasonably dangerous risk to Plaintiff, its insured properties, and the putative Class.

## Plaintiff and the Classes Have Been Damaged

24. Plaintiff's insured and the class members have suffered actual harm as a result of Defendant's actions because the Faucets in their insured homes contain a material design defect which caused cracks in the Faucets which resulted in water leaks and property damage.

25. The Faucet defects, however, caused the Faucets owned by Plaintiff's insured and the class members to experience premature failure that is entirely disproportionate to the age of sink systems.

26. The injuries sustained by Plaintiff and the class members flow from the common facts surrounding Defendant's misconduct, including: (a) that the Faucets had defects that lead to spontaneous cracking and/or fracturing; (b) that the Faucets were defective for their intended use at the time of sale; and (c) Defendant did not provide adequate warning of defective condition of the Faucets.

27. The damages suffered by Plaintiff and the class members include, without limitation, amounts paid for the defective Faucets; amounts paid to remediate property damage caused by flooding; together with the cost to replace the defective Faucets, as well as incidental and consequential damages.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings all claims as pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) are met with respect to the Classes defined below.

29. A Rule 23(b)(2) Class is appropriate when the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." (Fed. R. Civ. P 23(b)(2).

30. Declaratory relief is intended to minimize "the danger of avoidable loss and unnecessary accrual of damages." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed. 1998).

31. Defendant's failure to warn that their Faucets contained a defect that caused cracks and/or fractures resulting in extensive property damage, makes declaratory relief with respect to a Rule 23(b)(2) class appropriate.

32. The Rule 23(b)(2) "Declaratory Relief Class" is defined as follows:

    All persons and insurance carriers in the United States who purchased a Faucet from Defendant and/or provide insurance coverage for and/or own or reside in a structure that contains a Faucet.

33. Plaintiff also proposes a Rule 23(b)(3) "Damages Class" defined as follows:

    All persons and insurance carriers in the United States who (i) purchased a defective Faucet from Defendant, and/or (ii) own or reside in a structure where a defective Faucet failed, and/or (iii) all insurance companies who insured properties damaged by the defective Faucets and made payments for damages incurred, and/or (iv) all others subrogated to the rights of those whose property suffered damages as a result of a defective Faucet.

34. Excluded from the class members are Defendant, any entities in which Defendant has a controlling interest, any of Defendant's parents, subsidiaries, affiliates, officers, directors, employees, and members of such person's immediate families, the presiding

judge(s) in this case and their immediate family, and any class member who has entered into a binding release for their claim with Defendant and/or is barred from bringing a claim due to a judgment entered in a court of law pursuant to the doctrines of res judicata and/or collateral estoppel.

## RULE 23(a), (b)(2), and (b)(3) CRITERIA

35. <u>Numerosity</u>: Plaintiff is informed and believes that Defendant is aware of at least thirty-sox (30) other claims against it for defective Faucets, totaling over one million dollars in property damages alone. Additionally, Plaintiff believes, and therefore avers, that Defendant's Faucets have failed at least thirty-six times throughout the United States resulting in damages. Accordingly, the class members consist of, at minimum, thirty-five others, making joinder of all class members impracticable.

36. <u>Commonality</u>: Questions of law and fact are common to the Plaintiff, the Declaratory Relief Class and the Damages Class, and predominate over questions affecting only individual members, including, inter alia, the following:

    a. Whether the design of the Faucets is defective;

    b. Whether the Faucet label provides adequate instruction for its useful life, its warranty, as well as adequate warnings regarding its propensity to fail;

    c. Whether Defendant continued to sell the defective Faucets while knowing of the defect;

    d. Whether the Plaintiff and the members of the Damages Classes are entitled to damages; and

    e. Whether the Defendant violated Connecticut law and is strictly liable for all damages resulting from the failure of the defective Faucets.

37. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Classes described above, and arise from the same course of conduct by Defendant. The relief Plaintiff seeks is typical of the relief sought for the absent Class members.

38. <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of all absent Class members. Plaintiff is represented by counsel competent and experienced in consumer protection, products liability, and class action litigation.

39. <u>The Prerequisites of Rule 23(b)(2) are Satisfied for a Declaratory Relief Class</u>: The prerequisites to maintaining a class for declaratory equitable relief pursuant to Fed. R. Civ. P 23(b)(2) exist as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate declaratory and equitable relief with respect to the class as a whole. The central issues whether the Defendant's Faucets were defectively designed; and whether warning was provided of the defect and propensity for failure; is the same for all Class members. There is an economy to class treatment of this central question because its resolution has the potential to eliminate the need for continued and repeated litigation across the country related to the Faucets and the reasons for their repeated failure.

40. <u>The prerequisites of Rule 23(b)(3), Predominance and Superiority, are Satisfied for the Damages Classes</u>: Plaintiff and the Class have all suffered damages as a result of the Defendant's defective Faucets. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Moreover, absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

41. The prosecution of separate actions by the individual Class members would create a risk of inconsistent and varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

42. Defendant's actions are generally applicable to the Classes as a whole, and Plaintiff seeks, inter alia, equitable remedies on behalf of a (b)(2) class and damages on behalf of (b)(3) classes.

## CAUSES OF ACTION
## COUNT I
## NEGLIGENCE V. WATERWORKS

43. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all of the preceding paragraphs as if expressly rewritten and set forth herein.

44. The losses suffered by Plaintiff and the putative Class members and the resulting damages were proximately caused by the negligence and breaches of duty owed by

7

Waterworks, its agents, servants, and/or employees, including, but not limited to, the following:

a. Failing to properly design the Faucet and/or its parts;

b. Failing to properly manufacture the Faucet and/or its parts;

c. Failing to adequately test the Faucet to assess, determine, eliminate, and/or reduce the risk and/or likelihood of water leaks;

d. Placing in the channels of trade a Faucet that Waterworks knew or with reasonable care, should have known, was unreasonably dangerous and/or unsafe;

e. Marketing an inherently unsafe and/or dangerous product;

f. Misrepresenting that the Faucet was safe when Waterworks knew or should have known that the product was dangerous and/or unsafe;

g. Failing to warn consumers that the Faucet could cause and/or contribute to water losses and/or water damages;

h. Failing to make appropriate recommendations concerning the use and/or maintenance of the Faucet;

i. Failing to properly withdraw and/or recall the Faucet and/or its component parts from the marketplace;

j. Failing to comply with applicable federal, state, and/or municipal statutes and/or regulations concerning the design, manufacture, packaging, distribution, marketing, and/or sale of the Faucet; and,

k. Otherwise failing to exercise reasonable care under the circumstances that then and there existed.

WHEREFORE, Plaintiff demands judgment against Waterworks in an amount that will adequately compensate Plaintiff and the putative Class members for their losses, together with interest, fees and costs.

## COUNT II
## BREACH OF WARRANTIES V. WATERWORKS

45. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all of the preceding paragraphs as if expressly rewritten and set forth herein.

46. Waterworks designed, manufactured, fabricated, constructed packaged, marketed, and/or sold the Faucet.

47. Waterworks expressly and impliedly warranted that the Faucet was safe, merchantable, and/or fit for its intended uses. Waterworks was a merchant with respect to goods of the kind involved in the losses suffered by the Plaintiff and putative Class members. Waterworks knew or had reason to know of the particular purpose for which the goods were required, and that the consumers were relying on Waterworks' skill, expertise, and/or judgment to select and/or furnish suitable goods.

48. Waterworks also knew or had reason to know that the Plaintiff, its insured, and putative Class members using the Faucets relied on the warranties made by Waterworks.

49. Waterworks breached its warranties because the Faucets were unsafe, not of merchantable quality, and/or unfit for their intended uses and purposes.

50. The damage and destruction to, and the loss of use of, real and personal property of the Plaintiff, its insured, and putative Class members, was a direct and proximate result of the breaches of warranties by Waterworks. Due notice has been given to Waterworks of its breaches of warranty.

51. As a direct and proximate result of the losses, Plaintiff and putative Class members incurred costs and suffered damages.

WHEREFORE, Plaintiff demands judgment against Waterworks in an amount that will adequately compensate Plaintiff and the putative Class members for their losses, together with interest, fees and costs.

## COUNT III
## PRODUCT LIABILITY/STRICT LIABILITY V. WATERWORKS

52. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all of the preceding paragraphs as if expressly rewritten and set forth herein.

53. Waterworks designed, created, manufactured, packaged, labeled, sold, supplied, marketed, and/or distributed the Faucets with inadequate warnings and/or in a defective and/or unreasonably dangerous condition violation of law, in each of the following ways:

    a. Failing to properly design the Faucet and/or its parts;

    b. Failing to properly manufacture the Faucet and/or its parts;

    c. Failing to adequately test the Faucet to assess, determine, eliminate, and/or reduce the risk and/or likelihood of water leaks;

    d. Placing in the channels of trade a Faucet that Waterworks knew or with reasonable care, should have known, was unreasonably dangerous and/or unsafe;

    e. Marketing an inherently unsafe and/or dangerous product;

    f. Misrepresenting that the Faucet was safe when Waterworks knew or should have known that the product was dangerous and/or unsafe;

    g. Failing to warn consumers that the Faucet could cause and/or contribute to water losses and/or water damages;

    h. Failing to make appropriate recommendations concerning the use and/or maintenance of the Faucet;

    i. Failing to properly withdraw and/or recall the Faucet and/or its component parts from the marketplace;

    j. Failing to comply with applicable federal, state, and/or municipal statutes and/or regulations concerning the design, manufacture, packaging, distribution, marketing, and/or sale of the Faucet; and,

    k. Otherwise failing to exercise reasonable care under the circumstances that then and there existed.

54. The damage and destruction to, and the loss of use of, real and personal property of the Plaintiff, its insured, and putative Class members, was a direct and proximate result of Waterworks' failure to adequately warn and/or by virtue of the Faucet's defective and/or unreasonably dangerous condition.

55. As a result of the losses, Plaintiff and putative Class members have incurred costs and suffered damages.

WHEREFORE, Plaintiff demands judgment against Waterworks in an amount that will adequately compensate Plaintiff and the putative Class members for their losses, together with interest, fees and costs.

## COUNT IV
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

56. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all of the preceding paragraphs as if expressly rewritten and set forth herein.

57. Waterworks is an entity engaged in the business of distributing and/or selling consumer goods at a retail store in the state of Connecticut, and at retail stores across the United States.

58. The Faucet is the type of product which is ordinarily purchased primarily for personal, family, or household use.

59. Plaintiff and its insured discovered within weeks after purchase and during the warranty period that the Faucet was unreasonably dangerous, unsafe, and/or defective, when the Loss occurred.

60. Pursuant to the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.), the sale of the Faucet to Plaintiff's insured was accompanied by Waterworks' implied warranty of merchantability.

61. The implied warranty of merchantability means and includes that the Faucet will comply with each of the following requirements: (1) The Faucet will pass without objection in the trade under the contract description; (2) the Faucet is fit for the ordinary purposes for which such goods are used; (3) the Faucet is adequately contained, packaged, and labeled; and (4) the Faucet will conform to the promises or affirmations of fact made on the container or label.

62. While the implied warranty was in effect, the Faucet failed as the result of being unreasonably dangerous, unsafe, and/or defective. The existence of the foregoing amounts to a breach of the implied warranty of merchantability because the product (1) does not pass without objection in the trade under the contract description; (2) is not fit for the ordinary purposes for which such goods are used; (3) is not adequately

contained, packaged, and labeled; and (4) does not conform to the promises or affirmations of fact made on the container or label.

63. Plaintiff and putative Class members have been damaged by Waterworks' failure to comply with its obligations under the implied warranty of merchantability and in accordance with the Magnuson-Moss Warranty Act.

WHEREFORE, Plaintiff demands judgment against Waterworks in an amount that will adequately compensate Plaintiff and the putative Class members for their losses, together with interest, fees and costs.

## **DEMANDS FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court enter a judgment against Defendant and in favor of Plaintiff, and grant the following relief:

1. Determine that this action may be maintained as a class action with respect to the Classes identified herein; certify a class action pursuant to both Rules 23(b)(2) and (3) with respect to particular issues if appropriate; and designate and appoint the named Plaintiff herein and their counsel to serve as Class Representative and Class counsel;

2. Grant Plaintiff and the Rule 32(b)(3) Damages Class awards of damages in such amount to be determined at trial or as provided by applicable law'

3. Grant the Plaintiff and members of the Classes their costs of suit, including reasonable attorneys' fees, and expenses, as provided by law; and

4. Grant the Plaintiff and the members of the Classes such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

## **JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully Submitted,

Plaintiff,

By its attorneys,

*/s/ John A. Donovan III*

John A. Donovan III, Esq., ct29227
Sloane & Walsh, LLP
148 Eastern Boulevard, Suite 105
Glastonbury, CT 06033
Tel:    (860) 375-1877
Fax:    (860) 430-6999
Email: [jdonovan@sloanewalsh.com](mailto:jdonovan@sloanewalsh.com)

Dated:  August 5, 2022